## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>Ladislao Lara<br><br><br>Debtor(s) | Case No.:   21-06657<br>Chapter:   13<br>Plan filed on 06/07/2021<br>Confirmation Hearing:  8/6/21<br><br>Judge A. Benjamin Goldgar (Lake) |

### OBJECTION TO CONFIRMATION OF PLAN FILED ON 06/07/2021

**NOW COMES** 9392 3639 QUEBEC INC, and/or its assigns (hereinafter "Movant"), by and through its attorneys, Codilis & Associates, P.C., and moves this Honorable Court for an Order denying confirmation of Debtor's plan filed on 06/07/2021 and in support thereof states as follows:

1.    Debtor filed a petition under Chapter 13 of Title 11, United States Bankruptcy Code on 5/24/2021 and this Court has jurisdiction pursuant to 28 U.S.C. §1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois;

2.    Creditor is a creditor of the Debtor with respect to a certain mortgage upon real estate, with a common address of **412 E. Clarendon Drive, Round Lake Beach, Illinois 60073**, with an approximate balance of $63,297.58;

3.    Debtor's proposed Plan attempts to modify Secured Creditor's original Note and Mortgage, which is in direct violation of §1322(b)(2), which states that a Debtor may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the Debtor's principal residence".

4.    The proposed plan establishes a market value of $178,000.00 for the subject property and asserts the senior creditor is owed $135,000.00, leaving $43,000.00 as the amount of Secured Creditor's secured claim to be paid with interest at a rate of 3.25%.  A proof of claim has not been filed by a senior creditor and Debtor's proposed Plan does not contain any

admissible evidence of the payoff figures on the allegedly senior lien and does not prove said lien is actually senior to Secured Creditor's lien.

5. Secured Creditor objects to any valuation of the subject property to the extent that it may modify its secured status;

6. In the event the cram down is permitted, Secured Creditor has obtained its own valuation, which reflects a higher value of $190,000.00. A copy of the Broker's Price Opinion is attached hereto as **Exhibit "A"**.

7. Additionally, Debtor's plan proposes to pay interest on Secured Creditor's claim at 3.25%. Creditor requests interest at least 5.25%, which is more in line with the guidelines set forth in *In re Till,* 541 U.S. 465 (2004).

**WHEREFORE,** 9392 3639 QUEBEC INC prays this Court deny confirmation of the plan and for such other and further relief as this Court may deem just and proper.

Dated this 6/23/2021

Respectfully Submitted,
Codilis & Associates, P.C.

By: /s/ Terri M. Long

Berton J. Maley ARDC#6209399
Rachael A. Stokas ARDC#6276349
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
Brenda Ann Likavec ARDC#6330036
Terri M. Long ARDC#6196966
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**File #14-21-02082**

NOTE: This law firm is a debt collector.